**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| PATRICIA WILSON, PATRICK | | CASE NO.:_____ |
| KELLER, RUDOLPH JOHNSON, | | |
| DOROTHY JONES and VALERIE | | |
| THIBODAUX, individually and | | **CLASS ACTION COMPLAINT** |
| on behalf of all others similarly situated | | |
| | | |
| **VERSUS** | | |
| | | |
| | | |
| DIRECTV, INC. | | |

Plaintiffs, Patricia Wilson, Patrick Keller, Rudolph Johnson, Dorothy Jones and Valarie Thibodaux, individually and on behalf of all others similarly situated, for their Complaint against Defendants DIRECTV, INC. allege:

## INTRODUCTION

1.      This is a class action brought under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons residing in the State of Louisiana who purchased satellite television service from DIRECTV and former DIRECTV customers who were charged early cancellation fees.

2.      Plaintiff, individually and on behalf of all other similarly persons, seeks injunctive and declaratory relief, and monetary damages for DIRECTV's imposition of unlawfully high and inadequately disclosed early cancellation fees.  The early cancellation fee is not rationally related to any loss or damage suffered by DIRECTV as the result of the early cancellation of service by customers.

## PARTIES

3.      Plaintiff Patrick Keller is a citizen of the State of Louisiana and resides in St. James Parish.

4.      Plaintiff Patricia Wilson is a citizen of the State of Louisiana and resides in Ouachita Parish.

5.      Plaintiff Rudolph Johnson is a citizen of the State of Louisiana and resides in Morehouse Parish.

6.      Plaintiff Valarie Thibodaux is a citizen of the State of Louisiana and resides in Lafourche Parish.

7.      Plaintiff Dorothy Jones is a citizen of the State of Louisiana and resides in Ouachita Parish.

8.      At all relevant times herein, Defendant DIRECTV, Inc. was a California corporation with its principal place of business in El Segundo, California.   DIRECTV is the largest direct-to-home satellite television provider in the United States with over 16.8 million subscribers located throughout the United States.   DIRECTV is also the second largest multi-channel video programming provider in the United States.   It conducts business in the state of Louisiana and in this judicial district.

9.      At all relevant times herein, Defendant DIRECTV, Inc. did business in Ouachita Parish, State of Louisiana.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).  The case is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the matter in

controversy exceeds the value of $5,000,000, exclusive of interest and costs, and more than two-thirds of the members of the proposed class are citizens of a state different than Defendant.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because DIRECTV regularly transacts business and is subject to personal jurisdiction in the State of Louisiana. Furthermore, Plaintiffs Wilson and Jones reside in the Ouachita Parish, State of Louisiana.

## FACTS

12.     DIRECTV is in the business of providing satellite television service to consumers throughout the United States including Louisiana.

13.     Prior to March 1, 2006, in order to receive service from DIRECTV customers were required to purchase certain equipment such as a satellite dish or receiver box.  Long-term contracts were not required because the customers owned the equipment.

14.     On or about March 1, 2006, DIRECTV changed its business strategy to impede DIRECTV customers from changing service providers. At that time, DIRECTV began an equipment leasing program wherein DIRECTV charges a monthly fee to lease satellite equipment.

15.     On March 1, 2006, with the implementation of its new leasing program, DIRECTV began assessing unlawful early cancellation fees.  The early cancellation fees are purposefully not disclosed to customers when service is initiated.

16.     DIRECTV engages in a uniform and class wide policy and practice of enforcing an alleged contractual obligation against its customers to purchase DIRECTV's services for a specified period of time, typically 18 or 24 months (the "term commitment"), by imposing an early cancellation fee on its customers who discontinue receiving DIRECTV's services before

the expiration of the alleged term commitment, even when, for example, the reason for cancellation is due to a problem with the service.

17.     These early cancellation fees can exceed $400 and are not rationally related to any loss or damage suffered by DIRECTV.  DIRECTV withdraws the early cancellation fees and other amounts allegedly due directly from the customers' bank accounts or credit cards, using account information provided by the customers when they first ordered DIRECTV, without consulting them or otherwise obtaining their express consent.

18.     DIRECTV's primary goal in implementing and enforcing the fee is to prevent customers from switching service to another satellite or cable provider, even if they are no longer able to use DIRECTV's service due to faulty equipment or other reasons.

19.     DIRECTV has no right, contractual or otherwise, to enforce the supposed term commitment or impose an early cancellation fee against its customers by withdrawing funds directly from the customers' bank accounts or credit cards without their consent or otherwise. Plaintiffs and the class members seek injunctive and declaratory relief on behalf of all current and former DIRECTV subscribers who were charged or may be charged an early cancellation fees, and monetary relief on behalf of current and former DIRECTV customers who paid DIRECTV an early cancellation fee.

## PLAINTIFFS' DEALINGS WITH DIRECTV

20.     Plaintiffs ordered satellite service from DIRECTV.

21.     As a result of the substandard service provided by DIRECTV, Plaintiffs requested cancellation of their service.

22.     DIRECTV cancelled their service but imposed early cancellation fees, which were paid by Plaintiffs.

23.    Plaintiffs have suffered an injury in fact in the loss of money or property as a result of DIRECTV's unlawful and actionable conduct as allege herein.

## DIRECTV'S UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

24.    As a basis for charging early cancellation fees, DIRECTV claims that class members receive a "DIRECTV EQUIPMENT LEASE ADDENDUM" ("Lease Addendum") that contains a term commitment when DIRECTV's equipment is installed at the customer's residence, when malfunctioning equipment leased from DIRECTV is replaced, or when customers change their service.

25.    The Lease Addendum contains a purported term commitment that reads: "The programming package(s) must be maintained for a period of not less than (a) eighteen (18) consecutive months for accounts with only standard receiver(s), or (b) twenty-four (24) consecutive months for accounts with advanced product(s)/receiver(s) (DVR, HD, or HD DVR, including additional DIRECTV receiver(s))."

26.    The Lease Addendum does not state when the period begins to run, or whether the customer is subject to the 18 or the 24 month period. It also does not state that the period will start over upon a change of equipment or programming, regardless of the length of time the customer had service with DIRECTV.  DIRECTV unilaterally imposes upon its customers an additional programming commitment each time they receive new or refurbished equipment, thereby extending the length of the programming commitment.

27.    DIRECTV's uniform and systematic conduct has caused Plaintiffs and similarly situated Louisiana customers to suffer monetary damages.

## CLASS ALLEGATIONS

28.     Plaintiffs bring this action individually and on behalf of all similarly situated

persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent

two classes of consumers (hereinafter referred to collectively as "Class") defined as:

### Monetary Relief Class

All current and former DIRECTV Customers in the State of Louisiana who were
assessed an early cancellation fee by DIRECTV since March 1, 2006.

### Declaratory Relief Class

All current DIRECTV Customers in the State of Louisiana whose service
DIRECTV asserts is subject to its policy of charging an early cancellation fee.

Excluded from the both classes are Defendant and its affiliates, predecessors,
successors, officers, directors, agents, servants, or employees, and the immediate
family members of such persons.

29.     Plaintiffs reserve the right to modify the Class definition or propose one or more

subclasses if discovery reveals such modifications are appropriate.

30.     The Class is composed of thousands of DIRECTV customers. Accordingly, the

members of the Class are so numerous that joinder is impracticable.

31.     There is a well-defined community of interest in the relevant questions of law and

fact affecting putative class members.  Common questions of law and fact predominate over any

individual questions affecting class members, including, but not limited to the following:

a.     Whether DIRECTV marketed, advertised and sold its receivers using false,

misleading and/or deceptive statements or representations;

b.     Whether DIRECTV failed to adequately disclose material information, such as

that a change in service resulted in a new commitment period, and the possibility of an

early termination fee;

c.      Whether DIRECTV's early cancellation fees are unenforceable penalties;

d.      Whether customers have entered into binding term contractual agreements;

e.      Whether DIRECTV violated California and/or Louisiana unfair trade practices statutes;

f.      Whether DIRECTV has engaged in false and misleading advertising;

g.      Whether DIRECTV has committed illegal, unfair and/or deceptive business practices;

h.      Whether DIRECTV breached its obligations of good faith to Plaintiffs and class members;

i.      Whether DIRECTV has been unjustly enriched by assessing and retaining early termination fees that are not rationally related to the loss or damage suffered by the business;

j.      Whether Plaintiffs and the Class Members are entitled to restitution of all amounts acquired by DIRECTV by enforcing the early cancellation fee provisions; and

k.      Whether Plaintiff and the Class Members are entitled to injunctive and declaratory relief.

32.     Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class.  If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

33.     The claims of Plaintiffs and the other Class members have a common origin and share a common basis.  The claims originate from the same illegal, unfair and deceptive practices on the part of DIRECTV and its acts in furtherance thereof.

34.     All Class members have suffered injury to their property by reason of DIRECTV's unlawful course of conduct in that they have paid, or are subject to early cancellation fees.

35.     Plaintiff's claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class.

36.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in the prosecution and successful resolution of Class litigation.  Plaintiffs will fairly and adequately represent the interest of the Class and do not interests adverse to the Class.

37.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the parties opposing the Class.  Such incompatible standards of conduct and varying adjudications on the same essential facts, proof, and legal theories would also create and allow the existence of inconsistent and incompatible rights within the Class.

38.     Class action certification is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a.     Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

   b.     Very little individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

       c.     The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

       d.     The proposed Class action is manageable.

39.     DIRECTV has acted on grounds generally applicable to the Class, thereby making final declaratory or injunctive relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for DIRECTV.

40.     Therefore, Class treatment of Plaintiffs' claims is appropriate and necessary to a fair and just resolution of this cause.

## CAUSES OF ACTION

### COUNT I

**(Violations of State Unfair and Deceptive Business and Trade Practices Acts)**

**(Both Classes)**

41.     Plaintiffs re-allege and incorporate by reference all allegations contained in the Complaint as if set forth separately in this Cause of Action.

42.     This cause of action is brought pursuant to the Cal. Civil Code 1750 et seq.; Cal. Bus. and Prof. Code 17200 et seq.; Cal. Bus. and Prof. Code 17500; and La. R. S. 51:1401 et seq. Plaintiffs bring this action on their own behalf and on behalf of Class members, all of whom are similarly situated consumers.

43.     DIRECTV has violated these statutes by:

       a.     Failing to disclose the terms of the lease associated with DIRECTV programming service;

b.     Failing to disclose and/or failing to disclose adequately to Class members that they would be charged an early cancellation fee if they did not continue to subscribe to DIRECTV's programming services for the alleged term commitment;

c.     Failing to disclose and/or failing to disclose adequately to Class members that early cancellation fees would be deducted directly from Class members' bank or credit card accounts;

d.     Including unconscionable and unenforceable terms and conditions in the Lease Addendum and Customer Agreement;

e.     Enforcing unconscionable and unenforceable terms and conditions against Class members, including terms and conditions that Class members never accepted or otherwise agreed to;

f.     Collecting early cancellation fees from Class members and charging such fees directly to Class members' bank account or credit card;

g.     Advertising goods or services with the intent not to sell them as advertised;

h.     Charging early cancellation fees that are not reasonably related to the loss or damage suffered by DIRECTV; and

i.     Implementing an early cancellation fee for the purpose of retaining customers.

44.     Defendant's violation of federal statutes, including the Consumer Lease Act and the Federal Communications Act, constitute *per se* violations of Cal. Civil Code 1750 et seq.; Cal. Bus. and Prof. Code 17200 et seq.; Cal. Bus. and Prof. Code 17500; and La. R. S. 51:1401 et seq.

45.    Plaintiffs have suffered loss as a result of Defendant's unlawful conduct because they have paid early cancellation fees, or are subject to pay early cancellation fees.

46.    Defendant misrepresented and concealed from Plaintiffs that Defendant did not have the right to require fee payments following cancellation of DIRECTV's services.

47.    Defendant's misrepresentations and omissions described in the preceding paragraphs were intentional, or alternatively, made without the use of reasonable procedures adopted to avoid such an error.

48.    Defendant, directly or indirectly, has engaged in substantially similar conduct toward Plaintiffs and to each member of the Class.

49.    Such wrongful actions and conduct are ongoing and continuing.    Unless Defendant is enjoined from continuing to engage in such wrongful actions and conduct, members of the consuming public will continue to be damaged by Defendant's conduct.

50.    Plaintiffs and the Class are entitled to an injunction and declaratory relief, attorney fees and costs as permitted by Cal. Civil Code 1750 et seq.; Cal. Bus. and Prof. Code 17200 et seq.; Cal. Bus. and Prof. Code 17500; and/or La. R. S. 51:1401 et seq.  Furthermore, the Monetary Relief Class is entitled to actual damages; restitution of property; punitive damages; statutory penalties and damages as permitted by Cal. Civil Code 1750 et seq.; Cal. Bus. and Prof. Code 17200 et seq.; Cal. Bus. and Prof. Code 17500; and La. R. S. 51:1401 et seq.  Plaintiffs and the Class further are entitled to reasonable attorney's fees and costs.

## COUNT II

### (Declaratory Judgment)

### (Both Classes)

51.     Plaintiffs re-allege and incorporate by reference all allegations contained in the complaint as if set forth separately in this Cause of Action.

52.     There is an actual controversy between DIRECTV and all members of the Class concerning the enforceability of the early cancellation fees and term commitment agreement.

53.     DIRECTV and Plaintiffs and the Class have adverse interests because the unlawful early cancellation fees DIRECTV imposes without contractual basis creates substantial revenues for DIRECTV to the detriment of Plaintiffs and the Class.

54.     The Defendant's Lease Addendum and Customer Agreements are procedurally and substantively unconscionable, adhesionary and legally unenforceable. The Customer Agreement and the Lease Addendum (collectively "Agreements") are preprinted, standardized contracts of adhesion that are not subject to modification or negotiation and are presented to customers after the delivery and activation of equipment on a take it or leave it basis. DIRECTV did not provide Plaintiffs and the class members copies of the Agreement prior to activation of service and did not require Plaintiffs and the Class members to sign Agreements indicating consent to be bound by their terms and conditions.

55.     DIRECTV ties the lease of equipment for which it provides no warranty to a programming commitment of up to 24 months and a corresponding early cancellation fee for cancelling service. This is above and beyond the requirement that all equipment must be returned to DIRECTV and separate fees DIRECTV charges for deactivation, failure to return equipment, and failure to activate service.

56.    DIRECTV's Agreement is one-sided and provides that it may change the terms and conditions on which it offers service at any time but it does not afford customers the same flexibility either before or after leasing equipment and purchasing services from DIRECTV. If DIRECTV customers cancel service, even because of such a change, DIRECTV charges them a fee.

57.    Plaintiffs and the Class members were presented with DIRECTV's Agreement on all or none basis with no ability to negotiate. As such, Plaintiffs and the Class members had unequal bargaining power, no real negotiation, and an absence of meaningful choice.

58.    The early cancellation fee imposed by DIRECTV is not based on the estimated or actual damage DIRECTV incurs, if any, as a result of a cancellation of service and return of receiving equipment, especially since DIRECTV has received the leased equipment back and can reissue the equipment to a different customer.

59.    Since the agreements are both procedurally and substantively unconscionable, they are unenforceable as a matter of law.

60.    The mandatory pre-dispute Arbitration Clauses of the Customer Agreements are void as contrary to public policy, unconscionable and unenforceable as a matter of law, and are an illegal and impermissible attempt to deprive the Plaintiffs of access to justice.  The Arbitration Clauses violate the customer's right to a civil jury trial and/or the right to invoke Fed. R. Civ. P. 23.

61.    Plaintiffs and Class members have been damaged by DIRECTV's practice of imposing unconscionable and unenforceable contract terms and conditions against them.

62.     Such wrongful actions and conduct are ongoing and continuing. Unless Defendant is enjoined from continuing to engage in such wrongful actions and conduct, members of the consuming public will continue to be damaged by Defendant's conduct.

63.     Plaintiffs desire a judicial determination of their and Class members' rights and duties arising from DIRECTV's agreements.

64.     Plaintiffs are interested parties who further seek a declaration of rights and obligations with regard to the early cancellation fees. They are unconscionable, they constitute unlawful penalties, and they are unenforceable.

65.     A judicial declaration is necessary and appropriate so that the parties may ascertain their rights and duties arising from the aforementioned transactions.

### COUNT III

### (Unjust Enrichment)

### (By Monetary Relief Class)

66.     Plaintiffs re-allege and incorporate by reference all allegations contained in the Complaint as if set forth separately in this Cause of Action.

67.      As a direct and proximate result of DIRECTV's unlawful and unconscionable actions and omissions, DIRECTV has wrongfully assessed and collected invalid early cancellation fees from Plaintiffs and the Monetary Relief Class members.

68.     Retention of said funds by DIRECTV would be unjust and prejudicial to Plaintiffs and the Monetary Relief Class.

69.     Plaintiffs and the other Class member are therefore entitled to a return or refund of all amounts they have paid DIRECTV for early cancellation fees, in addition to interest, attorney's fees and costs as are allowed by law.

## COUNT IV

### (Payment of a Thing Not Owed)

### (By Monetary Relief Class)

70.     Plaintiffs re-allege and incorporate by reference all allegations contained in the Complaint as if set forth separately in this Cause of Action.

71.     Plaintiff and the Monetary Relief Class were compelled to make payments for invalid early cancellation fees.

72.     DIRECTV was aware or knew of these benefits conferred by Plaintiffs and the other Class members and knowingly accepted and has retained these benefits under circumstances that make it inequitable for it to do so.

73.     Plaintiffs and the other Class member are therefore entitled to a return or refund of all amounts they have paid DIRECTV for early cancellation fees, in addition to interest, attorney's fees and costs as are allowed by law.

## COUNT V

### (Violation of the Federal Consumer Lease Act)

### (Both Classes)

74.     Plaintiffs re-allege and incorporate by reference all allegations contained in the Complaint as if set forth separately in this Cause of Action.

75.     Defendant's conduct violates the Consumer Leasing Act.  Defendant's disclosure of the terms of the lease fails to meet 41 U.S.C. §1667(a), for among other reasons:

        a.     Defendant fails to disclose the terms of the lease at the time of the purchase;

b.      Defendant fails to disclose the terms of the lease, including the period of the commitment, and a formula to calculate termination, in the Customer Agreement;

c.      Defendant does not provide customers a formula to calculate the early cancellation fee they may incur in the Lease Addendum.

76.     Defendant's early cancellation and non-activation fees also violate 41 U.S.C. §1776(b), as the fees are not reasonably related to any harm or loss DIRECTV actually suffered.

77.     Pursuant to 15 U.S.C. §§1640(a) and 1667(b), Plaintiff and the Monetary Relief Class seek actual damages for DIRECTV's assessment of the early cancellation fee in the amount assessed and collected by DIRECTV.

78.     Pursuant to 15 U.S.C. §§1640(b) and 1667(a), Plaintiff and the Monetary Relief Class seek statutory penalties against Defendant for their failure to comply with the Consumer Lease Act, and injunctive relief.

## COUNT VI

### (Violation of the Federal Communications Act)

### (Both Classes)

79.     Plaintiffs re-allege and incorporate by reference all allegations contained in the Complaint as if set forth separately in this Cause of Action.

80.     Defendant is subject to the common carrier regulations set forth at 47 U.SC. §201 et seq.

81.     Defendant's Customer Agreement readily states that the enforcement of the Customer Agreement is governed by the Communications Act of 1934 and is subject to the rules and regulations of the Federal Communications Commission.

82. Defendant's early cancellation fees are charges in connection with communication service which is subject to the requirements of 47 U.S.C. §201(b).

83. Defendant's early cancellation fees are unjust, unreasonable and unlawfully under 47 U.S.C. §201(b).

84. Plaintiff and the members of the Classes have been injured and damaged by Defendant's uniform policy and procedures.

85. Plaintiff and all those similarly situated seek reimbursement for any fees imposed pursuant to 47 U.S.C. §206, and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Patrick Keller, Patricia Wilson, Rudolph Johnson, Dorothy Jones and Valarie Thibodaux, individually and on behalf of the proposed class, pray for an Order as follows:

i.    Certifying the proposed classes pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);

ii.   Designating Plaintiffs as representatives of the proposed classes and designating their counsel as Class Counsel;

iii.  Entering judgment in favor of Plaintiffs and the proposed classes and against DIRECTV;

iv.   Declaratory relief declaring that the arbitration and class action waiver provisions and the alleged early cancellation fees imposed by DIRECTV on its customers are unenforceable, violate public policy, and are unconscionable;

v.    Injunctive relief enjoining DIRECTV from any efforts to assess and collect early cancellation fees;

vi.   Awarding plaintiffs and the Monetary Relief Class actual, punitive and exemplary damages, and statutory penalties and damages;

vii.   Awarding reasonable attorney's fees and costs of these proceedings, together with interest thereon;

viii.   Granting such further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Jointly and respectfully submitted:

_____
Philip Bohrer (#14089)
Scott E. Brady (#24976)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Tel: (225)925-5297

Stephen Babcock (#26792)
Kevin Kleinpeter (#30578)
Babcock Law Firm, LLC
11420 Airline Highway, Suite 102
Baton Rouge, LA  70816
Tel: (225) 344-0911

Jack E. Truitt (#18476)
The Truitt Law Firm, L.L.C.
149 North New Hampshire Street
Covington, LA  70433
Tel: (985) 792-1062